

06/15/2005

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| IN RE: | § | |
|---|---|---|
| | § | |
| AUDRA MALDONADO | § | Case No. 04-61810 |
| WILLIE & ROSIE DAVIS | § | Case No. 04-61876 |
| EDMUND & EVORN JOHNSON | § | Case No. 04-61920 |
| JOHN & TAMMY PACK | § | Case No. 04-61951 |
| MARTHA L. WILLIAMS | § | Case No. 04-62015 |
| BRYAN & MICHELLE ASHLEY | § | Case No. 04-62070 |

**MEMORANDUM OF DECISION REGARDING CONFIRMATION
OF DEBTORS' PROPOSED CHAPTER 13 PLANS**

These matters are before the Court upon consideration of the requests of the Debtors, Audra Maldonado, Willie and Rosie Davis, Edmund and Evorn Johnson, John and Tammy Pack, Martha L. Williams, and Bryan and Michelle Ashley (collectively, the "Debtors") for confirmation of their respective Chapter 13 plans in the above-referenced cases and the corresponding objections to confirmation filed in these cases by Timothy O'Neal, Acting Chapter 13 Trustee (the "Trustee"). After resolving all other objections, the sole remaining issue regarding the confirmation of the proposed plans in these cases is whether these Debtors can be compelled to dedicate to plan payments any tax refunds which might be received during the pendency of the case. The Debtors in each of these cases assert that the Office of the Chapter 13 Trustee is estopped from opposing confirmation on that basis because the Trustee's Office had previously disseminated to these Debtors a policy, since abandoned, regarding the retention of tax refunds by debtors in Chapter 13 cases. Upon the conclusion of the confirmation hearings, the Court

permitted the parties and other parties in interest to submit post-hearing briefing. Upon the receipt of such briefing, the Court took the matter under advisement. This memorandum of decision disposes of all issues pending before the Court.[1]

## Background

The facts germane to the present dispute in these cases are not in serious dispute. Each of these Debtors has submitted in their respective cases a proposed plan for confirmation which fails to dedicate to the proposed plan payments any post-petition tax refunds which they might receive during the pendency of the case. The Trustee objected on the grounds that such a proposal violates the disposable income requirement of §1325(b)(1)(B).[2] The Debtors collectively argue that the Trustee is estopped from asserting such an objection in each of their cases under the principles of judicial estoppel, equitable estoppel, and/or other equitable principles because they were advised at their

---

[1] This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a). The Court has authority to enter a final order in this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (L), and (O).

[2] 11 U.S.C. §1325(b)(1) provides that:

> (b)(1) [i]f the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan —
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
> (B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

respective first meeting of creditors of a then-existing policy of the Trustee regarding the handling of tax refunds received from the Internal Revenue Service. That policy, which had been adopted during the administration of a prior Chapter 13 Trustee, essentially provided that a tax refund received by the Trustee would be applied to eliminate existing plan payment deficiencies, if any, with the balance to be tendered to the debtor unless the refund was greater than $5,000 and the case was proceeding within the first 36 months under a confirmed plan, in which case the Trustee would seek to modify the plan to increase the plan base by the amount of the refund.[3] The Acting Trustee in this case has since revoked that policy but he has not denied that such a policy announcement was either made orally or disseminated in written form in the §341(a) meetings in each of these cases. However, it was also stipulated by the parties that none of the Debtors in these cases have actually received nor disposed of any IRS tax refund, or any part thereof, in reliance upon this policy. Thus, this dispute solely involves whether the Debtors can be compelled to commit any future tax refunds to their plan payments in future years or whether they can claim protection from any such requirement because of the previous policy announcement.

---

[3] The utility of that policy was erased by the unpublished decision in *In re Caudle*, case no. 00-10202, in which the Court found that the Trustee's failure to object at the time of the original plan confirmation hearing to a debtor's refusal to commit any future tax refund to plan payments under the requirements of §1325(b)(1)(B) bound the Trustee to the provisions of the confirmed plan and vested any such refunds in the debtor and that, under §1327(a) and the principles of *res judicata,* the Trustee was precluded from bringing a modification motion upon the actual receipt of a tax refund.

**Discussion**

The Bankruptcy Code limits the circumstances under which a court may confirm a Chapter 13 plan in the face of an objection by the Chapter 13 Trustee brought pursuant to 11 U.S.C. §1325(b). In the event of such an objection, the plan must provide that all of the debtor's projected disposable income to be received in the first three years of the plan will be applied to payments under the proposed Chapter 13 plan. 11 U.S.C. §1325(b)(1)(B). The Debtors do not dispute that any tax refund which they might receive would constitute disposable income under §1325(b).[4] They only argue that the Trustee is estopped from pursuing such an objection through the application of the principles of judicial estoppel, equitable estoppel, or on the basis of general equity.

*Judicial Estoppel.*

The Debtors first claim that the Trustee is precluded from pursuing his §1325(b) objection because of the doctrine of judicial estoppel.[5] Because judicial estoppel is considered to be a matter of federal procedure, federal law governs its application. *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 600 (5th Cir. 1996); *accord Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 530 (5th Cir. 2000); *see also Exxon Corp. v.*

---

[4] "Disposable income" is defined as income received by the debtor "which is not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor. . . ." 11 U.S.C. §1325(b)(2)(A).

[5] It is important to distinguish the claims of equitable estoppel and judicial estoppel. Judicial estoppel "looks to the connection between the litigant and the judicial system, whereas equitable estoppel focuses on the relationship between the parties." *In re Neptune World Wide Moving, Inc.*, 111 B.R. 457, 461 (Bankr. S.D.N.Y. 1990).

*Burglin*, 42 F.3d 948, 950 (5th Cir. 1995) [holding that even where federal courts are adjudicating claims under diversity jurisdiction and therefore applying state substantive law, they apply federal procedural law to the proceedings]. The use of federal standards in this area has been expressly endorsed when arising in a bankruptcy case. *Browning Mfg. v. Mims (Matter of Coastal Plains, Inc.)*, 179 F.3d 197, 205 (5th Cir. 1999).

> As explained by the Fifth Circuit:
>
> The doctrine of judicial estoppel prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding. *United States v. McCaskey,* 9 F.3d 368, 378 (5th Cir. 1993), *cert. denied,* 511 U.S. 1042, 114 S.Ct. 1565, 128 L.Ed.2d 211 (1994). We recognize the applicability of this doctrine in this circuit because of its laudable policy goals. The doctrine prevents internal inconsistency, precludes litigants from "playing fast and loose" with the courts, and prohibits parties from deliberately changing positions based upon the exigencies of the moment.

*Ergo Science,* 73 F.3d at 598.

The Fifth Circuit has also clearly explained the requirements for application of the doctrine of judicial estoppel:

> In this Circuit, two bases for judicial estoppel must be satisfied before a party can be estopped. First, it must be shown that the position of the party to be estopped is clearly inconsistent with its previous one; and [second,] that party must have convinced the court to accept that previous position.

*Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) (citations and

internal quotations omitted).[6] *Hall* further recognized that the United States Supreme Court had endorsed a third consideration: "whether the party seeking to assert the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Hall,* 327 F.3d at 399 (*citing New Hampshire v. Maine*, 532 U.S. 742, 751, 121 S.Ct. 1808, 1815, 149 L.Ed.2d 968 (2001). "Because the doctrine is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary." *Coastal Plains,* 179 F.3d at 205.

The Trustee's announcement of the tax policy at the §341 meeting, whether oral or written, cannot serve as the foundation for the application of judicial estoppel. First of all, the Trustee's pronouncement was not the assertion of a position in a legal proceeding. It was merely a pronouncement of an administrative position or, at most, a pronounce-ment of the position the Trustee *intended* to take in any future legal proceeding involving tax refunds. It is uncontested that such a position was never affirmatively asserted by the Trustee against these Debtors in any proceeding before this Court. While testimony elicited at a §341 meeting can obviously be used for evidentiary purposes in a subsequent

---

[6] "The 'judicial acceptance' requirement minimizes the danger of a party contradicting a court's determination based on the party's prior position and, thus, mitigates the corresponding threat to judicial integrity." *Coastal Plains,* 179 F.3d at 206 (*citing United States for Use of American Bank v. C.I.T. Constr. Inc. of Tex.*, 944 F.2d 253, 258 (5th Cir. 1991)). However, "the judicial acceptance requirement does not mean that the party against whom the judicial estoppel is to be invoked must have prevailed on the merits. . . . [it] means only that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." *Coastal Plains,* 179 F.3d at 206 (*citing Reynolds v. Comm. of Internal Revenue*, 861 F.2d 469, 473 (6th Cir. 1988) (internal quotations omitted)).

legal proceeding before a court, the §341 meeting itself is not a legal proceeding. It is instead an administrative proceeding over which a bankruptcy judge is statutorily precluded from presiding, or even attending. 11 U.S.C. §341(c). It is not a part of the judicial process over which this court presides and at which parties are taking legal positions which they cannot subsequently contradict.

Secondly, it cannot be legitimately contended that this Court ever accepted the Trustee's prior position on the disposition of tax refunds. As stated above, the Trustee's former policy was never articulated before this Court in relation *to these Debtors*, which is the only context through which judicial estoppel can be applied in these cases. In fact, this is the initial attempt of each of these Debtors to confirm a Chapter 13 plan. No confirmation issue has ever been presented to this Court by any of these Debtors. Thus, there has been no opportunity in any of these cases for the Trustee to present any inconsistent position on the dedication of tax refunds to the proposed plan payments of these Debtors and, therefore, the principles of judicial estoppel cannot be properly applied.[7]

---

[7] Even if it were proper for the Court to look to other cases involving different debtors, the second prong of court endorsement is not established by the fact that the Court has previously confirmed Chapter 13 plans in which the Debtors proposed a plan consistent with the requirements of §1325(a) without the dedication of tax refunds, and the Trustee (and all unsecured creditors) elected, for whatever reason, to forego any challenge to that proposal by the exercise of rights imparted to them by §1325(b). Judicial estoppel arises only when a court has accepted a prior position <u>actually</u> <u>advocated</u> by a party in a proceeding. There is no court acceptance of legal positions which are forfeited or waived because they are never presented.

*Equitable Estoppel.*

The Debtors next claim that the Trustee is precluded from pursuing his disposable income objection through application of the principles of equitable estoppel. Because the confirmation of a Chapter 13 plan is an action governed by federal law, the elements of equitable estoppel are those established under federal law. Under federal law standards, any litigant seeking to invoke the principles of equitable estoppel must establish the following four elements: (1) that the party to be estopped was aware of the facts; (2) that the party to be estopped intended his act or omission to be acted upon; (3) that the party asserting estoppel did not have knowledge of the facts; and (4) that the party asserting estoppel reasonably relied on the conduct of the other to his substantial injury. *Mangaroo v. Nelson*, 864 F.2d 1202, 1204 (5th Cir. 1989), citing *Moody v. United States,* 783 F.2d 1244, 1246 (5th Cir. 1986).

Actually, because the Debtors' complaints actually pertain to the Trustee's representations as to what action or forbearance would be taken in the future, in the event that a tax refund was to be subsequently received by his office, these arguments perhaps more accurately invoke the principles of promissory estoppel.[8] However, the distinction

---

[8] To establish an enforceable contract based on promissory estoppel under federal common law, a plaintiff must show: (1) that the defendant made a promise, (2) that the defendant reasonably should have expected to induce the promisee's reliance, (3) that the promise actually induced such reliance, (4) that the reliance was reasonable, and (5) that injustice can be avoided only by enforcement of the promise. *Local 107 Office & Prof. Employees Int'l. Union v. Offshore Logistics, Inc.*, 380 F.3d 832, 834 (5th Cir. 2004), citing *Aguilar v. Int'l. Longshoremen's Union Local # 10,* 966 F.2d 443 (9th Cir. 1992).
 "The requisites of promissory estoppel [under Texas law] are: (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance by the promisee to its detriment." *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 (Tex. 2002), citing *English v. Fischer,* 660 S.W.2d 521, 524 (Tex. 1983).

-8-

is meaningless in this case because, under either standard, the Debtors are unable to demonstrate the requisite element of reasonable and substantial reliance on the Trustee's act or promise. The pronouncement of the Trustee's intent occurred at or near the time of the first meeting of creditors in each case. Despite the significant passage of time between such meeting and the respective confirmation hearing, none of these Debtors actually received nor disposed of any IRS tax refund in reliance upon the Trustee's announced policy. The only reliance proffered by any of the Debtors was a stated "expectation" that prospective tax refunds in future years could possibly be utilized as an emergency contingency fund or for payment of unanticipated property tax defaults. However, the tax payments and a contingency reserve are already addressed in the budget upon which a projection of disposable income has been calculated for each of these Debtors and any purported reliance upon an expectation that future tax refunds would be available for the Debtors to use at their discretion is unfounded both in fact and in law. The truth is that these Debtors have suffered no substantial injury in reliance upon any pronouncement by the Trustee. Nor has there been any other type of actual reliance to the detriment of these Debtors as would be required for any invocation of promissory estoppel. Thus, there is no applicable estoppel principle which precludes the Trustee's exercise of the rights given to him by §1325(b).

*General Equitable Principles.*

Finally the Debtors assert that this Court should simply prohibit the Trustee from

pursuing his disposable income objection through the exercise of its powers as a court of equity under section 105(a) of the Bankruptcy Code.⁹ While §105(a) specifically "authorizes a bankruptcy court to fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code," *United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986), its scope is bound by that parameter and that section cannot be reasonably interpreted "to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity." *Id.* at 1308. See also *Southmark Corp. v. Grosz (In re Southmark Corp.)*, 49 F.3d 1111, 1116 (5th Cir.1995) (internal quotations omitted) ["Even the broad powers of the bankruptcy courts to fashion equitable remedies must be exercised only within the confines of the Bankruptcy Code."]. It is in section 105 that "bankruptcy courts find their general equitable powers." *Louisiana Pub. Serv. Comm'n, v. Mabey (In re Cajun Elec. Power Coop., Inc.)* 185 F.3d 446, 453, n.9 (5th Cir. 1999). *See also Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616, 620-21 (2d Cir. 1999) ["[T]he equitable powers emanating from § 105(a) . . . are not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules."].

Accordingly, there is no basis under which these Debtors are entitled to invoke the

---

⁹ 11 U.S.C. §105(a) provides that:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

equitable powers of this Court to protect them from the dedication of any tax refunds to payments under their respective plans. There is no serious dispute that any future tax refunds constitute disposable income under §1325(b) and it is clear that, in the face of an objection by the trustee, §1325(b) requires the dedication of such income to the plan payments for the first three years of a Chapter 13 plan.[10] Thus, unlike the potential application of estoppel theories, even if the Debtors in these cases could demonstrate reliance upon the Trustee's former policy regarding tax refunds, the provisions of §105(a) and the general equitable powers emanating therefrom could not be utilized as a means to ignore the unambiguous statutory directive that, in the face of a valid objection, disposable income must be dedicated to payments under a Chapter 13 plan for the first three years of its duration.[11]

For the foregoing reasons, the Court finds that the Trustee's objections should be sustained and that the confirmation of the proposed Chapter 13 plan in each of these cases should be denied. The Debtors in each of these cases shall file a new Chapter 13 plan within thirty (30) days of the date of this Order and, in the event that the Debtors fail to

---

[10] *See, e.g., In re Midkiff*, 271 B.R. 383 (B.A.P. 10th Cir. 2002) [finding that debtor's plan specifically provided that tax refunds to which debtor became entitled during first 36 months of the plan were deemed "disposable income"]; *Freeman v. Schulman (In re Freeman)*, 86 F.3d 478 (6th Cir. 1996) [income tax refunds constitute projected disposable income which must be surrendered under §1325(b)(1) for the applicable 3-year period]; *In re Abner*, 234 B.R. 825, 826 (Bankr. M.D. Ala. 1999) [sustaining trustee's disposable income objection to debtors' proposed plan which failed to commit non-exemptible portion of future tax refunds to plan payments when reasonable inspection of debtors' history of income and tax refunds revealed that likelihood of receipt of tax refunds by debtors during plan period was sufficient for court to conclude that "projected disposable income over the next 36 months will contain similar tax refunds"].

[11] However, the Trustee's objection is necessarily limited to the statutory parameters of §1325(b). Thus, the mandatory dedication of any tax refunds toward the Debtors' plan payments is restricted to the first three years of the plan.

file a new Chapter 13 plan within thirty (30) days of the date of this Order, absent a further order of the Court extending such deadline for cause shown, or in the event that the Debtors thereafter fail to confirm such new Chapter 13 plan upon consideration by this Court under its normal procedures, this Chapter 13 case shall be dismissed, pursuant to §349(a) of the Bankruptcy Code, without further notice or hearing.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law[12] pursuant to FED. R. CIV. P. 52, as incorporated into contested matters in bankruptcy cases by FED. R. BANKR. P. 7052 and 9014. A separate order will be entered which is consistent with this opinion.

Signed on 6/15/2005

*Bill Parker*

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[12] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.